UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
AARON LAVON SHAW, *pro se*,                    :
                                               :
                          Petitioner,          :
                                               :          **SUMMARY ORDER**
                -against-                      :          10-CV-02477 (DLI)
                                               :
DUKE TERRELL,                                  :
                                               :
                          Respondent.          :
                                               :
---------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

Petitioner Aaron Shaw filed the instant *pro se*[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking redesignation from the Metropolitan Detention Center ("MDC"), where he was confined at the time of filing, to a Residential Reentry Center ("RRC"). For the reasons set forth below, the petition is dismissed.

On July 15, 2009, Petitioner pled guilty to conspiring to distribute and possess with intent to distribute at least five grams of cocaine base. (Gov't Resp. in Opp'n to Pet'r's Appl. for Writ of Habeas Corpus ("Gov't Resp.") at 3, Docket Entry No. 5.) On October 21, 2009, due to violations of pre-trial release conditions, the Court revoked Petitioner's bond and placed him in the custody of the Bureau of Prisons ("BOP"). (*Id.*) On January 21, 2010, the Court sentenced Petitioner principally to one year and one day in prison. (*Id.*)

According to the government's review of BOP records, on May 17, 2010, Petitioner requested a date for redesignation to an RRC from MDC officials, but pursued no further remedies

---

[1] As Petitioner is proceeding *pro se*, his submission is held to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, therefore, construes his submissions liberally and interprets them as raising the strongest arguments they suggest. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

through BOP administrative channels. (*Id.*) Later that month, on May 28, 2010, Petitioner filed the instant action, asserting that officials at the MDC had unlawfully deprived him of his right, under the Second Chance Act, 18 U.S.C. § 3624(c)(1), to assignment at an RRC for the final portion of his sentence. (Docket Entry No. 1.) On July 28, 2010, however, Petitioner was assigned to an RRC. (Gov't Resp. at 4.)

Title 28, Section 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A prisoner may use 28 U.S.C. § 2241 to challenge the manner in which his sentence is being executed, including prison disciplinary actions, prison transfers, type of detention and prison conditions. *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). Before seeking habeas relief under Section 2241, however, prisoners must exhaust any available administrative remedies, or else justify the failure to exhaust these remedies.[2] *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). Here, according to the government, Petitioner did not exhaust his administrative remedies before filing his Section 2241 petition with this Court. (Gov't Resp. at 7-8.) Petitioner has not contested the government's assertion or otherwise provided any explanation for why his failure to exhaust should be excused.

Additionally, even if the Court were to excuse Petitioner's failure to exhaust, the petition would still be dismissed as moot. "[T]o satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable

---

[2] A federal inmate challenging the conditions of his confinement must follow the Administrative Remedy Program developed by the BOP. *Johansson v. Strada*, 2012 WL 6093534, at *3 (E.D.N.Y. Dec. 7, 2012) (citing 28 C.F.R. §§ 542.10-19). "This program has four steps, each of which must be exhausted: (1) attempt to resolve the issue informally; (2) submit a formal written Administrative Remedy Request to the institution; (3) appeal any unfavorable decision by the institution to the Regional Director of the BOP; and (4) appeal any unfavorable decision by the

judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999). Here, Petitioner's transfer to the RCC renders this action moot. *See Razzoli v. Strada*, 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013) ("A § 2241 challenge to conditions of confinement will be considered moot where the petitioner has been transferred to a different facility." (citing *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008)); *Geddes v. Lindsay*, 2008 WL 2620129, at *3 (E.D.N.Y. July 1, 2008) ("[A] motion under section 2241 is moot if a change in the petitioner's conditions of imprisonment precludes the district court from providing any 'effectual relief.'" (quoting *Levine*, 455 F.3d at 78)).

## **CONCLUSION**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
_____, 2013 _____/s/_____
                                                                                                DORA L. IRIZARRY
                                                                     United States District Judge

---

Regional Director to the BOP's General Counsel." *Id.*